IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RHONDA D. JOHNSON                                                                 PLAINTIFF

v.                              Case No. 2:14-CV-02260

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                         DEFENDANT

**O R D E R**

      The Court has received proposed findings and recommendations (Doc. 14) from United States Magistrate Judge Mark E. Ford. The Court has conducted a careful review of the findings and recommendations and of the timely objections (Doc. 15) filed by Plaintiff Rhonda D. Johnson. No response to the objections was filed by Defendant. The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Plaintiff has raised objections. 28 U.S.C. § 636(b)(1)(c). Upon due consideration, the Court finds that Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings and recommendations and that the Magistrate's report does not otherwise contain any clear error.

      Plaintiff first objects to the Magistrate's finding that the opinion of Dr. Robert L. Spray, obtained by Plaintiff after the Administrative Law Judge's ("ALJ") unfavorable decision, was not shown to relate back to the time period before the ALJ's decision such that it should have been considered by the Appeals Council and on appeal to this Court. "[T]he Appeals Council must consider evidence submitted with a request for review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995) (quoting *Williams v. Sullivan*, 905 F.2d 214, 216-17 (8th Cir. 1990)). "Whether the evidence is new, material and related to the relevant period is a question of

law reviewed de novo." *Id*. Plaintiff argues that Dr. Spray's August 2013 opinions as to the severity of Plaintiff's depression and anxiety must relate back to the depression and anxiety previously diagnosed by Dr. Terry L. Efird on October 8, 2012. Plaintiff additionally argues that Dr. Spray's new diagnoses of a somatic disorder and a personality disorder "probably indicated a more thorough assessment and/or that Plaintiff's condition had deteriorated." (Doc. 15, p. 2).

Plaintiff provides no basis for the Court to accept the unfounded assumption that diagnoses of new mental disorders must relate to prior diagnoses of entirely separate mental disorders such that the new diagnoses should be construed as evidence of deterioration of Plaintiff's mental condition overall. Furthermore, Dr. Spray's evaluation of Plaintiff's depression and anxiety differed markedly from Dr. Efird's, especially in regard to Plaintiff's assessed limitations, and Dr. Spray gave no reason for the Appeals Council or this Court to believe that his opinion—representing a marked departure from the limitations previously assessed—must relate back to the time period before the ALJ's decision. In fact, Dr. Spray was asked to evaluate, to a reasonable degree of medical certainty, the date when Plaintiff's condition(s) had remained at substantially the same level of severity as on the date the form was completed. Dr. Spray simply indicated that he did not know. (Tr. 19). In the absence of more guidance from Dr. Spray as to the continuity or deterioration of Plaintiff's mental condition, the Court will not assume, as Plaintiff suggests, that the differences between Dr. Spray's assessment and Dr. Efird's assessment must be the result of a more thorough examination by Dr. Spray. Any limitations Dr. Spray assessed as resulting from Plaintiff's mental condition cannot be persuasively related to the time period prior to the ALJ's determination. *See id*. (noting that claimant's IQ scores assessed after the ALJ's decision differed from those reported prior to the ALJ's decision and agreeing with Appeals Council's conclusion that the newly submitted evidence did not

persuasively relate to claimant's condition during the period prior to the ALJ's decision).

Plaintiff next objects that, viewing Dr. Efird's assessment in light of Dr. Spray's later assessment of Plaintiff's mental capacity, Plaintiff should have been found to have been limited by her mental condition in her ability to do work-related activities. Even if Dr. Spray's evaluation were considered, the ALJ's decision would still be supported by substantial evidence in the record as a whole. As already reasoned above, there is no indication that Dr. Spray's evaluation related to the period prior to the ALJ's decision. Even if the Court were to consider Dr. Spray's evaluation, it would not require reconsideration of Dr. Efird's findings. After completing a mental evaluation, Dr. Efird did not assess Plaintiff with any significant limitations related to her mental condition, finding that Plaintiff communicated in a reasonably adequate, intelligible, and effective manner; had "the capacity to perform basic cognitive tasks required for basic work like activities;" was able to track and respond adequately; and had no remarkable problems with persistence or pace. (Tr. 399). Dr. Spray also completed a mental evaluation and filled in a medical source statement. While the medical source statement indicated mild to extreme limitations in certain functional areas, the limitations are not supported by other evidence of record—including Dr. Spray's own evaluation— and are in direct conflict with Dr. Efird's assessment of Plaintiff's capacity. *See Strongson v. Barnhart*, 361 F.3d 1066, 1070-71 (8th Cir. 2004) (stating that it is appropriate to disregard statements of opinion by a physician that are vague or conclusory and finding that substantial evidence supported ALJ's conclusion that treating physician's opinion on a medical source statement was "without explanation or support from clinical findings" and was "not internally consistent with [his] own treatment notations").

Finally, Plaintiff objects to the Magistrate's finding that the ALJ adequately assessed

Plaintiff's credibility as to her subjective complaints. The Court overrules this objection for the reasons set out in the Magistrate's report and finds that no additional analysis is necessary.

The Court therefore concludes that the findings and recommendations should be, and hereby are, approved and adopted as this Court's findings in all respects.

Judgment will be entered accordingly.

IT IS SO ORDERED this 16th day of October, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE